**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

**THOMAS GRECO,** :

**Plaintiff** :

                                       Civil Action No. 3:12-2576

                                       :

**v.**

                                       :       **(JUDGE MANNION)**

**MICHAEL SENCHAK,** *et al*.

                                       :

**Defendants** :

# M E M O R A N D U M

Presently before the court is plaintiff's motion to reconsider, (Doc. No. 72), the court's order, (Doc. No. 66), denying defendant Point and Pay, LLC's motion to dismiss and granting in part and denying in part the motion to dismiss of defendants Luzerne County, Northeast Revenue Services, John Rodgers, and Sean Shamany. Defendants Northeast Revenue, LLC, Luzerne County, John Rodgers, and Sean Shemany filed a brief in opposition to the motion. (Doc. No. 75). Defendant Point and Pay, LLC also filed a motion in response. (Doc. No. 76). Plaintiff's motion is **GRANTED** as to the request for reconsideration of an apparent inconsistency between the court's order, (Doc. No. 66), and its accompanying memorandum of law. (Doc. No. 65). Plaintiff's motion is **DENIED** as to all other grounds for reconsideration.

**I.**      **Background**

The plaintiff's underlying amended complaint alleges fraud, negligence,

and tortious malfeasance, as well as deprivations of his rights under 42 U.S.C. §1983. (Doc. No. 49). Plaintiff filed the instant motion for reconsideration, (Doc. No. 72), and a brief in support, (Doc. No. 73), on September 12, 2013. Plaintiff raises four specific grounds on which he believes reconsideration is authorized: first, that there is an inconsistency between the court's memorandum of law on the motions to dismiss, (Doc. No. 65), and its order, (Doc. No. 66); second, that the court improperly dismissed his negligence claims against defendants on statute of limitations grounds; third, that the court ruled incorrectly that plaintiff's tortious misfeasance/malfeasance claim was, in reality, a claim for negligence, and that it should instead be construed as a participation theory of liability claim, and; fourth, that the court improperly applied *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 689 (1978), in dismissing plaintiff's municipal liability claim.

## II.    Discussion

To succeed on a motion to reconsider, the moving party must demonstrate: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion... or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc.*, 602 F.3d 237, 251 (3d Cir. 2010).

2

Here, plaintiff has properly pointed out a clear error. There is a typographical error in the court's order (Doc. No. 66, at 2, ¶ 7) indicating that defendant Point and Pay's motion to dismiss, (Doc. No. 16), was granted. In fact, and as the memorandum of law explains, (Doc. No. 65, at 11-14), the court ruled that Point and Pay failed to meet its burden under the motion to dismiss standard. Thus, the court will grant plaintiff's motion for reconsideration of the inconsistency, and will issue an amended order.

As to his other grounds for reconsideration, plaintiff provides no new evidence or changes in the law to support altering the court's prior order. Plaintiff argues that dismissal of his negligence claims on statute of limitations grounds was improper. This argument is repetitive of those plaintiff has made in the past, (*See* Doc. No. 10, at 10), and the court has addressed those arguments in its memorandum. (Doc. No. 65, at 10 -11).

Plaintiff labeled his claim under Count III of the amended complaint "tortious misfeasance/malfeasance," a claim which does not exist under Pennsylvania law. He argues that the court should have construed the claim as a participation theory of liability claim, and not as a claim for negligence. Plaintiff asserts that a participation claim would allow him to recover punitive damages and to hold the owners of defendant Northeast Revenue Services, LLC individually liable, remedies which are not available for a negligence claim. While punitive damages may be desirable for plaintiff, they are not available unless he has properly pleaded a participation claim. Participation

3

theory is not a claim in itself, but a theory for imposing liability rising from some other act. *In re Grejda*, 2007 WL 2792908, at *11 (September 21, 2007 W.D.Pa.). Participation theory "cannot create liability where it does not otherwise exist." Id. That is, it cannot create a claim where the underlying tortious conduct has not been properly pleaded, which it has not been here. Plaintiff reasserts the argument that the use of the word "participated" in his complaint, (Doc. No. 49, at 12, ¶ 44), demonstrates that his claim is for participation, but provides no new arguments to support that claim. As the court noted in its memorandum, (Doc. No. 65, at 15-16), the plain language of Count III of the complaint supports a claim for negligence. As plaintiff has failed to raise new evidence or new law, his argument does not warrant reconsideration of the ruling on this claim.

Finally, plaintiff argues that the court misapplied Monell in determining that his claim for municipal liability against Luzerne County should be dismissed. Plaintiff specifically alleges that the court was in error to find that in Pennsylvania, only a majority of a three-member board is authorized to establish policy on behalf of a county. (Doc. No. 65, at 27). However, plaintiff does not provide new law to contradict the court's ruling. Plaintiff recites facts previously alleged regarding defendants' relationship to the county, but provides no new evidence or law to demonstrate that Rodgers and Shamay had final policy-making authority.

4

**III.    Conclusion**

Upon review of the court's memorandum and order and the challenges raised in the plaintiff's motion for reconsideration, the court will grant the motion as to the inconsistency between the court's prior memorandum and order, but finds no reason to otherwise disturb the prior ruling and will deny the plaintiff's motion for reconsideration on all other grounds. An appropriate order and amended order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: October 23, 2013**

O:\Mannion\shared\MEMORANDA - DJ\2012 MEMORANDA\12-2576-02.wpd